IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TROY LEE WILSON, § | |
| (TDCJ # 539709) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:05-CV-023-Y |
| § | |
| § | |
| TEXAS DEPARTMENT § | |
| OF CRIMINAL JUSTICE § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(2),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(iii)

Plaintiff Troy Lee Wilson, at the time he filed suit a prisoner housed at the Texas Department of Criminal Justice-Lindsay State Jail Unit,[1] was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). In Wilson's form civil-rights complaint seeking relief under 42 U.S.C. § 1983, he names as the only defendant the Texas Department of Criminal Justice. (Compl. Style; ¶ IV(B).) Wilson alleges that he has not been afforded credit towards a ten-year sentence imposed in 1989 for several periods he was incarcerated on different violations. (Compl.; attachment page.) He claims that TDCJ had not properly recorded and credited the relevant time periods until intervention on his behalf by the Office of the State Counsel for Offenders. (Compl. § v. attachment page.) Wilson seeks to have the "mistake corrected . . . [to] be off parole and any damages [he] may have." (Compl. § VI.)

---

[1] Wilson has now updated his address of record to a street address in Dallas, Texas.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Wilson's claims as filed in this suit, the Court finds that they must be dismissed under the authority of these provisions.

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2004).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2004); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2004).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Wilson has named as the only defendant the Texas Department of Criminal Justice. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state.[7] The Court of Appeals for the Fifth Circuit has expressly recognized that the Eleventh Amendment bars suit against the Texas Department of Criminal Justice.[8] Therefore, Wilson's claims against the Texas Department of Criminal Justice are barred by Eleventh Amendment immunity, and must be dismissed.[9]

It is therefore ORDERED that plaintiff Troy Lee Wilson's claims be, and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

SIGNED April 29, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7] *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *see also Okpalobi, et al. v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001).

[8] *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998)*citing Harris v. Angelina County, Texas,* 31 F.3d 331, 37-38 n.7 (5th Cir. 1984).

[9] *See Talib,* 138 F.3d at 213.